■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WALKER, Appellant.

Defendant and two others were charged with the murder of a store owner during an attempted robbery on September 4, 1973. In 1975, after Criminal Term denied his motion, *inter alia,* to suppress a statement given to the police, defendant pleaded guilty to felony murder and was sentenced to an indeterminate term of imprisonment of 15 years to life. The judgment of conviction was affirmed without opinion by this court on July 11, 1977, and leave to appeal to the Court of Appeals was denied by then Associate Judge Cooke (*see, People v Walker,* 58 AD2d 1043, *lv denied* 42 NY2d 1007). Sometime thereafter, defendant instituted a habeas corpus proceeding in the United States District Court for the Eastern District of New York. District Judge Sifton ultimately concluded defendant had not received a full, fair and adequate suppression hearing in State court and, after considering evidence adduced at Federal hearings, found that defendant had been misled to believe that by confessing he might avoid a charge of homicide. Judge Sifton concluded that, acting under the psychological pressure created by the misimpression, defendant's determination to speak was not knowing, intelligent, voluntary or even very reliable. In the absence of a voluntary waiver of defendant's 5th Amendment rights, Judge Sifton held the confession should have been suppressed, and ordered the petition for a writ of habeas corpus "be granted unless the evidence of [defendant's] confession as a result of his post-arrest interrogation is suppressed and [defendant] is thereafter tried within sixty days of the entry of judgment pursuant to this opinion". Judge Sifton rejected a claim that the confession had been taken in violation of the procedural safeguards afforded by *Miranda v Arizona* (384 US 436).

The Court of Appeals for the Second Circuit affirmed the judgment in an unpublished memorandum. The United States Supreme Court denied the State's petition for a writ of certiorari on October 6, 1980.

At trial, after hearing arguments on the matter, Criminal Term ruled that defendant's confession could be utilized by the prosecution as impeachment material should defendant choose to testify. Defendant nevertheless testified, and the prosecution used portions of the statement in an attempt to impeach defendant. We hold that Criminal Term's ruling constituted reversible error.

A statement obtained in violation of a defendant's *Miranda* rights is inadmissible as evidence-in-chief but may be used to impeach a defendant's credibility if the trustworthiness of the statement satisfies legal standards (*Harris v New York,* 401 US 222; *see also, Oregon v Hass,* 420 US 714). But in both *Harris* and *Hass,* there was no claim of coercion or involuntariness with respect to the statements (*Harris v New York, supra,* p 224; *Oregon v Hass, supra,* p 722). In *Mincey v Arizona* (437 US 385, 398), the United States Supreme Court declared that "*any* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law". The total proscription against any adverse use of an involuntary statement was reaffirmed in *New Jersey v Portash* (440 US 450, 458-459) and by the Court of Appeals in *People v Maerling* (64 NY2d 134). Although the finding of involuntariness in this case was arguably not based upon circumstances as egregious as those encountered in *Portash* and *Mincey,* we are nevertheless left with the finding of involuntariness (*see, Hutto v Ross,* 429 US 28, 30; *Bram v United States,* 168 US 532; *cf. People v Caban,* 79 AD2d 1031, 1032). Accordingly, Criminal Term erroneously ruled that defendant's confession provided a source of potential impeachment material. Under the circumstances, a reversal and a new trial are required.

In addition, we note that the court impermissibly precluded defense counsel from commenting upon a purported deficiency in the chain of custody regarding weapons and ammunition recovered shortly after the crime (*cf. People v Capers,* 105 AD2d 842).

To the extent that they have been preserved for appellate review, we have considered defendant's remaining allegations of trial error and find them to be without merit. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.