■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEVANDOSKI, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered March 14, 1983, convicting him of attempted robbery in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

"A statement obtained in violation of a defendant's *Miranda* rights is inadmissible as evidence-in-chief but may be used to impeach a defendant's credibility if the trustworthiness of the statement satisfies legal standards (*Harris v New York,* 401 US 222; *see also, Oregon v Hass,* 420 US 714)" (*People v Walker,* 110 AD2d 730, 732; *accord, People v Ricco,* 56 NY2d 320). The People bear the burden of proving beyond a reasonable doubt that the statements were voluntary in the traditional 5th Amendment sense (*People v Washington,* 51 NY2d 214; *People v Caban,* 79 AD2d 1031). At bar there is absolutely no evidence that defendant's alleged statements were coerced or involuntarily made (*see, People v Lopez,* 95 AD2d 241). Defendant simply testified that he did not recall

making the statements, and the issue of whether or not he actually did make them was properly left for the jury to determine (*People v Washington, supra*). The trial court properly admitted those statements for impeachment purposes after defendant testified on his own behalf.

The statements made by defendant on the morning of his arrest were properly admitted into evidence on the People's direct case because the record shows defendant received the *Miranda* warnings and waived his rights.

Under the circumstances of this case we see no reason to modify the sentence imposed. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.