■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS AMES, Appellant.—Appeals by defendant from (1) a judgment of the Supreme Court, Queens County (Glass, J.), rendered July 28, 1982, convicting him of robbery in the

second degree and unlawful imprisonment in the second degree under indictment No. 2202/81, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, also rendered July 28, 1982, convicting him of robbery in the second degree under indictment No. 2741/81, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court, also rendered July 28, 1982, convicting him of robbery in the second degree under indictment No. 3006/81, upon his plea of guilty, and imposing sentence. By order dated April 21, 1986, this court remitted the matter to the Supreme Court, Queens County, to hear and report on the question of whether a statement made by the defendant to his parole officer was voluntarily made and the appeal was held in abeyance in the interim *(see, People v Ames,* 119 AD2d 755). Criminal Term has now complied.

Ordered that the judgments are affirmed.

When these appeals first came before the court, the defendant argued that the People improperly impeached his testimony at the trial with a prior inconsistent statement that he had made to his parole officer without having been advised of his *Miranda* rights. Clearly, the statement could not be used as part of the People's case-in-chief *(see, People v Parker,* 82 AD2d 661, *affd* 57 NY2d 815). If the statement was made voluntarily, though, the People could make use of it for the limited purpose of impeachment *(see, Harris v New York,* 401 US 222; *People v Maerling,* 64 NY2d 134; *People v Wendel,* 123 AD2d 410). Because the defendant was denied an opportunity to challenge the voluntariness of his statement, this court remitted the matter to the Supreme Court, Queens County, for a hearing on that question and held the appeals in abeyance in the interim. Pursuant to that order, Criminal Term (Glass, J.) held a hearing and found, beyond a reasonable doubt, that the defendant's statement was made voluntarily. We concur with that finding and, accordingly, affirm the judgments of conviction.

The defendant's contention that he was compelled to answer his parole officer's questions is unpersuasive. Concededly, one of the conditions of parole with which the defendant was expected to comply was that he "reply promptly, fully and truthfully to any inquiry of or communication by [his] parole officer or other representative of the Division of Parole". The defendant's parole officer, however, testified that the defendant could remain silent and no penalty would be imposed for refusing to answer questions which might incriminate him.

He further testified that defendant was free to leave the interview at any time.

Under these circumstances, the defendant was not legally compelled to give a statement to his parole officer *(see, Minnesota v Murphy,* 465 US 420, *reh denied* 466 US 945).

Also without merit is the defendant's contention that the statement was the product of "psychological coercion". The defendant's testimony that he was afraid to refuse to answer his parole officer's questions because he thought that would be a ground for revocation of parole is belied by his admission that his statement was untrue and thus in violation of the requirement that he answer his parole officer's questions *truthfully.*

Therefore, the court properly ruled that the statement was voluntary and as such, could be used to impeach the defendant's credibility at trial.

We have considered the defendant's claims of error with respect to the court's charge to the jury and find them to be without merit. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.