■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND NEWPORT, Appellant.—Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: On November 21, 1985, Michael Shanly, defendant's parole officer, received a telephone call from defendant's employer. The caller told Shanly that about $400 was missing on the last day that defendant had worked and that defendant had not reported to work since that time. Thereafter, Shanly obtained a copy of a crime report regarding the missing money. He then knew that

defendant was a suspect in the alleged theft. Defendant was scheduled to visit Shanly for a regular report on Monday, December 2, 1985. Ordinarily, if Shanly was unavailable on a regular report day, defendant would talk to another parole officer. During a telephone conversation with defendant on November 29, 1985, Shanly told defendant that he wanted to speak personally with him on December 2, and defendant was to wait if Shanly was not in the office when he arrived. Defendant reported to Shanly on December 2. En route to Shanly's private office, Shanly "initiated a discussion with defendant about his problem with his employment". Defendant then "stated that he had taken the money and he wanted to see if there was some way that he could repay the money". After the men entered the office, and before defendant was informed of his rights under *Miranda v Arizona* (384 US 436), Shanly confronted defendant with the allegation regarding his employer's missing money. Defendant replied that he had taken the money and that he wished to make restitution. Shanly asked defendant what he did with the money. Defendant said that he had purchased drugs with some of the money. Shanly realized that "we were now into criminal charges" and brought in his supervisor, Senior Parole Officer Michael Bell. Shanly and Bell then jointly administered *Miranda* warnings. Defendant then agreed to speak to Shanly and Bell; he again admitted that he had taken $430 that belonged to his employer.

Defendant moved to suppress the statements given before and after the *Miranda* warnings were given. The suppression court, after a hearing, denied the motion holding that "there was evidence of a spontaneous declaration on the part of the defendant to Officer Shanly" with respect to the first unwarned statement and that the second statement was made after defendant had been properly advised of his *Miranda* rights and that he had knowingly and voluntarily waived them. We reverse and grant the suppression motion.

Defendant's unwarned oral statement was not a spontaneous declaration because it was not "made without apparent external cause" *(People v Stoesser,* 53 NY2d 648, 650). The test is whether defendant spoke with spontaneity "and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" *(People v Maerling,* 46 NY2d 289, 302-303; *see, People v Lanahan,* 55 NY2d 711, 713; *People v Stoesser, supra,* at 650). Here defendant's unwarned statement was made after Shanly "initiated" a discussion about a problem with defendant's employment. Once inside

the office, Shanly confronted defendant about his employer's missing money and pursued the inquiry without giving defendant *Miranda* warnings.

Further, because the statements elicited by Shanly could be "offered against the parolee outside the structure of the parole system, as in a trial held on subsequent criminal charges against [the] parolee", *Miranda* warnings were required *(People v Parker,* 82 AD2d 661, 666, *affd* 57 NY2d 815).

Finally, defendant's statement made after the *Miranda* warnings were given must also be suppressed because it was the result of continuous interrogation *(see, People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112). (Appeal from judgment of Monroe County Court, Marks, J.—grand larceny, third degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.