THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EDWARDS, Appellant.

Third Department, March 1, 1990

**APPEARANCES OF COUNSEL**

*Joseph J. Balok, Jr. (M. Joseph Danaher, Jr.*, of counsel), for appellant.

*James T. Hayden, District Attorney,* for respondent.

## OPINION OF THE COURT

MERCURE, J.

Defendant entered a counseled plea of guilty to sodomy in the first degree, was sentenced to a prison term of 7½ to 15 years and now appeals, alleging only that County Court erred in denying his motion to suppress a July 31, 1985 written statement. The facts, as found by County Court and amply supported by the evidence adduced at the *Huntley* hearing, show that on July 31, 1985 defendant became the subject of the investigation of an incident of sexual contact with a five-year-old boy. Further inquiry by Investigator Robert Chapman of the Chemung County Sheriff's Department disclosed that defendant was on parole at that time, under the supervision of Parole Officer Edward Wijkowski. Chapman contacted Wijkowski and the two drove to defendant's home in Chapman's unmarked patrol car. Wijkowski asked to speak with defendant and, while Chapman remained in the residence with defendant's wife, Wijkowski and defendant had a conversation in Chapman's car, during the course of which defendant made oral admissions. Chapman then came out to the car, administered *Miranda* warnings and drove defendant and Wijkowski to the Sheriff's Department. Following further interrogation, defendant signed a written confession and was arrested and charged with the crimes underlying the instant indictment.

Following the hearing, County Court determined that the oral admissions, made to Wijkowski without the benefit of prior *Miranda* warnings, were inadmissible. County Court wrote in this regard that it was "hard pressed, but nevertheless compelled to conclude that [defendant] was, in fact, in custody when he conferred with Wijkowski in the police vehicle while at his home; this upon constraint of *[People v Parker* (82 AD2d 661, *affd on opn below* 57 NY2d 815)]". However, County Court rejected the contention that the "continuous interrogation" doctrine *(see, People v Chapple,* 38 NY2d 112, 115) rendered the subsequent written confession inadmissible as well. We agree with defendant that there was not a "definite, pronounced break in the interrogation" *(supra,* at 115; *see, People v Bethea,* 67 NY2d 364; *People v Newson,* 68 AD2d 377) and, thus, disagree with County Court's analysis, but affirm nonetheless.

In our view, the facts adduced at the *Huntley* hearing do not

support a finding that defendant was in custody at the time of his initial conversation with Wijkowski *(see, People v Baird,* 155 AD2d 918; *see also, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851) and we do not interpret County Court's written decision as making that determination. Rather, our reading of County Court's decision and *People v Parker (supra)* compels the conclusion that County Court intended nothing more than the legal determination that *Miranda* warnings must precede a parole officer's noncustodial questioning of a parolee suspected of criminal activity to the same extent as if the interrogation had been custodial in nature. This is, in fact, the holding of the Second Department in *People v Parker (supra) (cf., People v Ames,* 126 AD2d 731, 732, *lv denied* 69 NY2d 1000, *cert denied* 484 US 924), recently adopted by the Fourth Department in *People v Newport* (149 AD2d 954, 956) *(see also, People v Quickenton,* 129 Misc 2d 607, 612-613). For the reasons that follow, however, we are disposed to reject the approach taken by the Second and Fourth Departments. We now hold that the rule in this Department is that routine, noncustodial questioning of a parolee by a parole officer, even if it concerns possible criminal activity, need not be preceded by *Miranda* warnings.

In *Parker,* the Second Department considered two separate bases for suppression of the admissions made by the defendant to his parole officer: first, as here, that *Miranda* warnings had not been given and, second, that defendant was represented by counsel in connection with the crimes inquired about. The Appellate Division suppressed on both bases *(see, People v Parker,* 82 AD2d 661, 662, *supra).* Although the Court of Appeals affirmed "for reasons stated in the opinion * * * at the Appellate Division" *(People v Parker,* 57 NY2d 815, 817), it is now clear that the affirmance was predicated upon the second ground only. In *People v English* (73 NY2d 20), Judge Kaye wrote for a unanimous court:

"In *Parker,* we affirmed an order barring the use of defendant's unwarned statements to his parole officer at his criminal trial. There, defendant's parole officer was aware when he first questioned defendant that criminal charges were already pending and that defendant was represented by an attorney.

"While we are urged to demarcate categories when *Miranda* warnings are and are not required, the facts of this case do

not call upon us to decide whether the nature of the parole officer-parolee relationship is such that even routine, noncustodial questioning must be preceded by *Miranda* warnings if it is concerned with possible criminal activity" *(supra,* at 23-24).

It is thus clear that the specific question we now face has not been determined by the Court of Appeals.

We find no persuasive reason for a per se rule requiring a parole officer to administer *Miranda* warnings prior to noncustodial questioning of a parolee concerning suspected criminal activity. Clearly, the premise underlying *People v English (supra),* that in the investigation of criminal activity a parole officer may assume the role of, and should be treated in like manner as, a law enforcement official within the spirit of *Miranda (supra,* at 23), will not support a rule requiring a parole officer to give the warnings on occasions when a police officer would not be so required. It is well established that a police officer need not precede noncustodial questioning with *Miranda* warnings, even when police investigation has focused on the subject *(see, Minnesota v Murphy,* 465 US 420, 430; *Beckwith v United States,* 425 US 341, 345-346).

Further, the fact that a parolee may be legally required to give complete and truthful information in response to a parole officer's inquiry *(see, People v Parker,* 82 AD2d 661, 665-666, *supra)* does not "compel" his answers any more than in the case of a witness subpoenaed to testify at trial or before a Grand Jury *(see, Minnesota v Murphy, supra,* at 427; *see also, People ex rel. Maiello v New York State Bd. of Parole,* 101 AD2d 569, 572, *affd* 65 NY2d 145). In either event, the subject will be required to answer truthfully unless he claims the protection of the 5th Amendment and, if he makes disclosures instead of claiming the privilege, he will not have been compelled to incriminate himself *(Minnesota v Murphy, supra; see, Garner v United States,* 424 US 648, 654-655). Accordingly, we decide that the nature of the parole officer-parolee relationship is not such that routine, noncustodial questioning must be preceded by *Miranda* warnings, even if concerned with possible criminal activity *(see, Minnesota v Murphy, supra).*

Since we determine that defendant's oral statement was obtained legally, it necessarily follows that the subsequent

written confession could not have been tainted by it *(cf., People v Chapple,* 38 NY2d 112, *supra).*

MAHONEY, P. J., KANE, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed.