OPINION OF THE COURT
Frank J. LaBuda, J.
The issue before the court is whether or not the custodial *41 statements/admissions given to Probation Officer Michael Krug by the defendant Wayne Perry (hereinafter referred to as the probationer) without Miranda warnings at the Sullivan County Jail are legally admissible at a violation of probation hearing.
On September 2, 1997 the defendant was adjudicated a youthful offender upon a plea of guilty to burglary in the third degree and sentenced to five years’ probation. The probationer on March 24, 1998 pleaded guilty to his first violation of probation and was sentenced to probation continued by the period of the delinquency with additional special conditions of intensive probation supervision. On July 1, 1998 the probationer pleaded not guilty to violating the terms and conditions of his probation and the matter was adjourned for a violation of probation hearing.
At the hearing, it is undisputed that on June 3, 1998 while the probationer was serving a five-year term of probation, he was arrested by the New York State Police, gave a Mirandized written statement to the investigator and was arraigned in the local criminal court of the Town of Rockland in Sullivan County on felony charges of assault in the second degree. At the arraignment the Magistrate assigned the Legal Aid Bureau and remanded the defendant to jail pending a preliminary hearing. On June 10, 1998, Probation Officer Krug, having learned of the defendant’s arrest and remand to the Sullivan County Jail, went to interview the defendant regarding the allegations of his arrest for the felony assault charge. Probation Officer Krug, who testified at the hearing, admitted that he did not Mirandize the defendant and had a copy of the defendant’s signed written statement* that had been taken by the New York State Police prior to his arrest on June 3, 1998. Based upon the information Probation Officer Krug obtained from the signed statement and from the oral admissions made to him at the Sullivan County Jail regarding the defendant’s arrest and the assault charges, the probation officer filed a petition for violation of probation on June 30, 1998. The petition alleges a violation of special condition number seven of the intensive supervision program which required the defendant to report any adverse contact with the police to the Probation Office.
The Court of Appeals has clearly stated that a probation officer need not give Miranda warnings before questioning a probationer with respect to a revocation of probation since the *42 probationer’s answers are given as part of the probation process and are to be used only within that process (see, People v Ronald W., 24 NY2d 732; People v Edwards, 154 AD2d 150). However, in Ronald W. (supra) the non-Mirandized probationer voluntarily came to the Probation Department seeking help for a companion with a narcotics problem and the probation officer was not aware of any pending criminal charges or wrongdoing on the probationer’s part. By contrast, in the case before this court, the defendant was incarcerated on the subject matter upon which the probation officer was determined to inquire and the probation officer knew of the arrest of the probationer by the New York State Police and had obtained a copy of the defendant’s written statement for his specific inquiry of the probationer. Most distinguishing in the cases of Ronald W. and Edwards (supra) is the fact that the defendant had appeared before the local Town Judge and an attorney had been assigned to represent him on the pending charge. Thus, the principal evidentiary question presented is whether the probationer must receive the fourfold warnings announced in Miranda v Arizona (384 US 436) prior to being questioned by a probation officer after the probationer has been arrested, arraigned, assigned counsel and remanded to jail on the felony charges.
It is conceded that the probationer was never given the Miranda warnings when questioned by the probation officer and that the probationer was in custody after having been arraigned and assigned an attorney on the new felony charge.
To what extent does the express requirement of probation that the probationer answer all reasonable inquiries of his probation officer supersede the defendant’s fundamental Fifth and Sixth Amendment rights?
The Fifth and Sixth Amendment rights, although fundamental, are for admissibility purposes, status and proceeding-orientated rights. A person on parole/probation has less of an expectation to these rights at a revocation hearing.
Also, the expressed condition of probation that the probationer “answer all reasonable inquiries of his probation officer” is, in effect, a judicially ordered restriction on the probationer’s Miranda rights. This restriction is part and parcel of the defendant’s sentence and is designed to rehabilitate the probationer and safeguard the community’s interests in allowing convicted felons to serve their sentence free in the community.
By analogy in People v Parker (82 AD2d 661 [2d Dept 1981]) the Second Department based its holding on the distinction be *43 tween proceedings within the parole system and criminal proceedings outside the system underlying the determination that a parole officer need not give Miranda warnings before questioning a probationer with respect to revocation of probation. Unlike Parker (supra) the successive oral statements/ confession to the probation officer is not “infected” by the absence of Miranda warnings on the first written statement since the written statement purports to be a fully Mirandized statement (compare, People v Tanner, 30 NY2d 102; People v Bodner, 75 AD2d 440; People v Newson, 68 AD2d 377). As in Parker, the defendant’s state of mind is governed by the conditions of parole/probation imposed upon him by law — to truthfully answer when reporting and to abide by the orders and conditions of his supervision. Also, it must be noted that the People concede that the oral admissions taken by Probation Officer Krug will not be introduced at the trial-in-chief of the defendant on the underlying felony charge of assault in the second degree. Thus, this court need not determine at this time the admissibility of the oral statements for trial purposes.
As in People ex rel. Maiello v New York State Bd. of Parole (65 NY2d 145) the defendant was represented by counsel on the underlying felony charge prior to his parole interview, and the admission was introduced at the parole revocation hearing which resulted in a finding that the defendant had violated terms of his parole and was sentenced upon the violation. The Court of Appeals held that under these circumstances, “any violation of relator’s right to counsel under the State Constitution would not preclude the use at a final parole revocation hearing of statements obtained by the parole officer in the absence of relator’s counsel.” (Supra, at 146 [emphasis added].) Clearly, a violation of a defendant’s constitutional rights may have different consequences dependent upon whether the suspect evidence is sought to be used in de novo criminal proceedings or noncriminal proceedings. Our courts have consistently drawn a distinction between a criminal trial conducted to determine guilt or innocence and an administrative proceeding at which it is determined whether the parolee/probationer violated the terms and conditions of his release.
Accordingly, this court finds that the statements made to Probation Officer Krug, although in violation of the defendant’s right to counsel under the Federal and State Constitutions and without Miranda warnings mandated on criminal proceedings, are admissible for the limited purposes of the probation revocation hearing.

 The defendant’s written statement dated June 3, 1998 contains a written Miranda waiver and thus purports to be a fully Mirandized statement.