# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**495**

**KA 12-01361**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EMMANUEL IBARRONDO, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, AVON, FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered May 22, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree (Penal Law § 224.34 [1]). We agree with defendant that County Court erred in refusing to suppress his written statement based on the court's conclusion that the statement was spontaneously made during custodial interrogation. The testimony at the suppression hearing established that defendant was interviewed by an inspector for the New York State Department of Corrections and Community Supervision as part of a drug sale investigation. The interview was conducted in Spanish for defendant's benefit as a non-English speaking individual. After waiving his *Miranda* rights, defendant initially denied having engaged in any culpable conduct. Once defendant was confronted with evidence that his fingerprints had been found on several envelopes containing Suboxone, however, he admitted his involvement, and his admission was reduced to a written statement. This written statement referenced a future inclination to speak with a lawyer. Notably, the court did not address whether defendant knowingly, intelligently and voluntarily waived his *Miranda* rights, or whether defendant had invoked his right to counsel. Instead, the court refused to suppress the written statement on the ground that a particularly inculpatory reference made therein was "spontaneous."

"Volunteered statements are admissible provided the defendant spoke with genuine spontaneity 'and [the statements were] not the

result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Rivers*, 56 NY2d 476, 479, *rearg denied* 57 NY2d 775, quoting *People v Maerling*, 46 NY2d 289, 302-303). Such statements must be proven to be "spontaneous in the literal sense of that word as having been made without apparent external cause, . . . [and] it must at least be shown that they were in no way the product of an 'interrogation environment' " (*People v Stoesser*, 53 NY2d 648, 650). "Rather, [the statement] must satisfy the test for a blurted out admission, a statement which is in effect forced upon the officer" (*People v Grimaldi*, 52 NY2d 611, 617).

Here, defendant's statement was provoked or encouraged by the presentation or discussion of evidence suggestive of his criminal conduct, and we thus conclude that it cannot be deemed "spontaneous in the literal sense of that word as having been made without apparent external cause" (*Stoesser*, 53 NY2d at 650; *see People v Ramos*, 27 AD3d 1073, 1074-1075, *lv dismissed* 6 NY3d 897; *People v Newport*, 149 AD2d 954, 955-956). "Although there may be other reasons to justify the denial of defendant's motion, the only issues that we may consider on this appeal are those that 'may have adversely affected the appellant' " (*People v Schrock*, 99 AD3d 1196, 1197, quoting CPL 470.15 [1]; *see People v Concepcion*, 17 NY3d 192, 194-195; *People v LaFontaine*, 92 NY2d 470, 473-474, *rearg denied* 93 NY2d 849). We therefore hold this case, reserve decision, and remit the matter to County Court to rule upon any other issues raised by the People in opposition to the motion.

Entered: May 5, 2017                    Frances E. Cafarell
                                        Clerk of the Court