People v Ibarrondo (2022 NY Slip Op 05464)

People v Ibarrondo

2022 NY Slip Op 05464

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, AND WINSLOW, JJ.

716 KA 12-01361

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EMMANUEL IBARRONDO, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered May 22, 2012. The appeal was held by this Court by order entered May 5, 2017, decision was reserved and the matter was remitted to Livingston County Court for further proceedings (150 AD3d 1644 [4th Dept 2017]). The proceedings were held and completed (Kevin Van Allen, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]). We previously held this case, reserved decision, and remitted the matter to County Court to rule on undetermined issues raised by the People in opposition to that part of defendant's omnibus motion seeking to suppress a statement he gave to a New York State Department of Corrections and Community Supervision Investigator on the grounds that, among other things, the statement was involuntary and was preceded by an unequivocal request for counsel (People v Ibarrondo, 150 AD3d 1644, 1645-1646 [4th Dept 2017]). Upon remittal, the court (Van Allen, J.) determined that defendant's statement was given knowingly, intelligently, and voluntarily, that defendant did not make an unequivocal request for counsel, and that defendant's statement was thus admissible. We affirm.
Defendant contends that the court should have suppressed his statement because he is a native Spanish speaker and the People failed to establish that he understood and knowingly, voluntarily, and intelligently waived his Miranda rights. We reject that contention. To the contrary, we conclude that the People established that the Investigator provided defendant with oral and written Miranda warnings in Spanish (see People v Esquerdo, 71 AD3d 1424, 1425 [4th Dept 2010], lv denied 14 NY3d 887 [2010]) and that defendant " 'grasped that he
. . . did not have to speak to the interrogator; that any statement might be used to [his] disadvantage; and that an attorney's assistance would be provided upon request, at any time, and before questioning is continued' " (People v Jin Cheng Lin, 26 NY3d 701, 726 [2016], quoting People v Williams, 62 NY2d 285, 289 [1984]).
Contrary to defendant's further contention, the part of his statement in which he wrote that he would discuss certain issues with a lawyer did not constitute an unequivocal request for an attorney (see People v Bowman, 194 AD3d 1123, 1127-1129 [3d Dept 2021], lv denied 37 NY3d 963 [2021]; People v Henry, 111 AD3d 1321, 1321-1322 [4th Dept 2013], lv denied 23 NY3d 1021 [2014]; see generally People v Glover, 87 NY2d 838, 839 [1995]), and thus the court properly declined to suppress the statement on that ground.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court