■ In the Matter of Louis Milburn, Appellant, v New York State Division of Parole, Respondent. (And Another Related Proceeding.)—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered August 12, 1986 in Dutchess County, which, in two proceedings pursuant to CPLR article 78, granted respondent's motion to dismiss the petitions for failure to exhaust administrative remedies.

By these proceedings, petitioner seeks to annul respondent's determination to revoke his parole upon the dual grounds that he was not provided with notice of a prior written statement of the primary witness against him, which tended to exculpate petitioner and was inconsistent with the witness's hearing testimony, and that respondent did not have before it a verbatim transcript of the final revocation hearing at the time it rendered its final decision to revoke petitioner's parole. Supreme Court dismissed the petitions on the ground that petitioner failed to pursue an administrative appeal to conclusion prior to commencing these proceedings. Petitioner appeals.

There should be an affirmance. Initially, we reject the contention that petitioner was not required to exhaust administrative remedies because the asserted errors did not show on the face of the hearing transcript. One of the stated grounds for an appeal from a final revocation hearing is that "relevant information was not available for consideration" by the board member or members making the determination (9 NYCRR 8006.3 [a] [2]; [b] [2]). Further, a claim of newly discovered evidence will support an application for a rehearing *(see,* 9 NYCRR 8006.3 [c]).

Moreover, were we to reach the merits of the petitions, the result would be no different. The right of a criminal defendant to discovery of exculpatory material in the possession of the prosecution *(see, Brady v Maryland,* 373 US 83) or to be provided with prior written or recorded statements of trial witnesses *(see,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) has no application in an administrative proceeding to revoke parole *(see,* Executive Law § 259-i [3] [f] [v]; *Morrissey v Brewer,* 408 US 471, 480; *People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145). Finally, there is no requirement that the Board of Parole have before it the transcript of the final revocation hearing at the time of its final decision to revoke parole *(see, People ex rel. Ragsdale v Mantello,* 168 AD2d 925; *People ex rel. Smith v Mantello,* 167 AD2d 912).

Judgment affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.