■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENDA OLIVER, Appellant. [605 NYS2d 156] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 19, 1991, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

In November 1990, defendant killed 74-year-old George Woolfolk by stabbing him numerous times with a kitchen knife in Woolfolk's apartment in the City of Binghamton, Broome County. Defendant was indicted for murder in the second degree. At trial, she raised the defense of extreme emotional disturbance, apparently credited by the jury, which convicted her of the lesser included offense of manslaughter in the first degree. Sentenced to an indeterminate prison term of 8⅓ to 25 years, defendant now appeals, primarily arguing that County Court erred in refusing to charge the jury regarding the defense of justification. We disagree.

Defendant's version of the events, as recounted to her brother, who in turn testified for the People, was that Woolfolk had been extorting sex from her by threatening to have her children taken away from her. On the night in question, after the two had already engaged in sexual intercourse, Woolfolk stated that defendant could not leave his apartment until she also performed oral sex. Defendant refused and went to leave. Finding the door locked, she instead walked into the kitchen, picked up a knife and slashed Woolfolk across the neck with it. We conclude that no reasonable view of that testimony supports a reasonable belief that Woolfolk was committing or attempting to commit forcible sodomy (see, Penal Law § 35.15 [2] [b]; People v Watts, 57 NY2d 299, 301-302). The further contention that the testimony of Robert Berger, defendant's examining psychiatrist, supports a justification defense was not advanced in County Court and, thus, is not preserved for appellate review. Moreover, Berger's testimony as to defendant's account of the events leading up to Woolfolk's death was received solely as a foundation for his opinion that defendant acted under extreme emotional disturbance, and the jury was properly instructed to consider the

testimony for no other purpose *(see, Davidson v Cornell,* 132 NY 228, 237-238; *Nissen v Rubin,* 121 AD2d 320, 321). " 'It is not the intent of the law to permit the defendant to avoid taking the stand and being subject to cross-examination by allowing his story to be presented through * * * hearsay testimony' " *(People v Richardson,* 193 AD2d 969, 972, quoting *People v Dvoroznak,* 127 AD2d 785).

As a final matter, we are not persuaded that the sentence imposed was harsh and excessive. The brutal nature of the crime, defendant's past record and the recommendation contained in the presentence report all mitigated in favor of the maximum permissible penalty.

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the judgment is affirmed.