■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE A. McCLOE, JR., Appellant. [606 NYS2d 438] —Mikoll, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 22, 1992, upon a verdict convicting defendant of the crimes of rape in the first degree and assault in the third degree.

Defendant and the victim were married in July 1981, separated in May 1988 when defendant moved out, and divorced in June 1988. Thereafter, the two attempted reconciliations and lived together as a family with their three children for varying periods of time over the next few years. The last of these occasions ended in August 1991. The incident giving rise to these criminal charges and convictions occurred on November 3, 1991. According to the victim these attempts at reconciliation were made to keep the family together and for financial reasons. In the beginning they had renewed their marital

sexual relations but there were no sexual relations for some months before August 1991, and after that she was only with defendant a couple of times to do things as a family with the children. Visitation after August 1991 was according to a Family Court order on Sundays from 2:00 P.M. to 8:00 P.M. Defendant testified that they regularly did things as a family on Sundays and that the two had continued to have sexual relations almost every week and wanted to move into an apartment together.

On Sunday, November 3, 1991 the victim had prearranged to use defendant's car to shop for groceries while he visited with the three children at his place of employment. While the victim was away defendant learned from two of the children about the presence of a man in the victim's home late in the evening and questioned her about it on her return. The discussion became bitter and defendant punched the victim in the face, causing her to fall to the floor with a bloody nose. The victim testified that defendant then kicked her and told her to get up. She got up and went into the ladies room and started to wash up when defendant entered, closing the door behind him. According to her testimony defendant then removed her clothing, called her names, pulled her hair, hit the back of her head against the wall and had forced sexual relations despite her yelling at him to stop. Defendant testified that the sexual intercourse was consensual, occurring after he consoled her. The victim returned home with the children and called the Sheriff's Department. A later rape examination was performed in an emergency room. A nurse noted severe bruising to her face, a swollen nose and lip, and a bruise to her lip. The examination revealed signs of intercourse.

The next day Detective Norman Rhinehart of the Sheriff's Department obtained an oral statement from defendant which he typed into a word processor. Defendant admitted to Rhinehart that he had struck the victim and forced her to have sex. However, defendant refused to sign the statement, and Rhinehart had the typed statement printed on a report form he then filed. A friend of defendant, Thomas Bolebruch, testified that on November 6, 1991 defendant told him that he had hit and raped the victim, and that he had told a detective that he had forced her to have sex.

Defendant was thereafter indicted for rape in the first degree and assault in the third degree. After a jury found him guilty of both charges, he was sentenced to 4 to 12 years' imprisonment on the rape conviction and given a conditional

discharge on the assault conviction. This appeal by defendant ensued.

The judgment of conviction should be affirmed. Defendant's arguments for reversal are unpersuasive.

Defendant's contention that County Court's admission of the unsigned, unacknowledged printout of his purported oral confession was improper has not been preserved for appellate review because it was admitted without objection at a time when the error could have been corrected if brought to the court's attention (see, People v Kingston, 8 NY2d 384, 387; People v Udzinski, 146 AD2d 245, 248-249, lv denied 74 NY2d 853).

Defendant's argument that County Court committed reversible error in refusing to permit a witness to testify that the prosecuting attorney and the victim had attempted to persuade her not to speak with defendant's counsel is rejected. An offer of proof revealed that the witness, a former babysitter, was told by the victim, after the victim discovered that the witness had been contacted by an investigator for defense counsel, that she did not have to talk to anyone else if she did not want to. The prosecuting attorney stated that she routinely instructed witnesses that they did not have to speak to anyone if they do not want to. County Court opined that this was a standard admonition and found that the offer lacked probative value on the issue of the victim's credibility. There was no attempt to persuade the witness to withhold or distort any information. Moreover, defendant had ample opportunity to question the babysitter on the stand as to any matter within the witness's knowledge that may have cast doubt on the victim's credibility.

Defendant's claim that County Court erred in refusing his request for a missing witness charge regarding the prosecution's failure to call the seven-year-old son of defendant and the victim, after putting their 10-year-old daughter on the stand on rebuttal to testify that she heard the victim scream when she was outside the ladies room at the time of the rape (despite an agreement that the children not be called to testify at the trial), is without merit. It appears that the testimony of the seven-year-old boy would be cumulative to that of his 10-year-old sister, as he was in the same room with her, and thus the charge was not warranted (see, People v Gonzalez, 68 NY2d 424, 426). In any event, the error was harmless in view of the overwhelming proof of defendant's guilt (see, People v Fields, 76 NY2d 761, 763). The jury heard the testimony of the

victim, the daughter, the Sheriff's detective and the friend of defendant to whom defendant admitted committing the forcible rape.

Finally, we find defendant's argument that the errors alleged, taken together, had a cumulative effect of depriving him of his constitutional right to a fair trial to be without merit. Each of the alleged errors was harmless and, when considered in combination, are not egregious, and there is no significant probability that the jury would have acquitted defendant had it not been for any individual error or the combination of them (see, People v Crimmins, 36 NY2d 230, 242).

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.