■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. SPINKS, Appellant. [613 NYS2d 288] —Mikoll, J. Appeal

from a judgment of the Supreme Court (Bell, J.), rendered March 2, 1993 in Clinton County, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was charged in a five-count indictment with having assaulted his live-in girlfriend, Mary Burdo, on October 30, 1991 and November 7, 1991. Following a trial the jury found defendant guilty of one count of assault in the second degree that occurred on November 7, 1991. Supreme Court sentenced defendant as a second felony offender to 2½ to 5 years' imprisonment.

Defendant claims that Supreme Court committed reversible error in the following four trial rulings: (1) in failing to impose a sanction required under the *Rosario* rule *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) because Police Officer John Barry lost the notes he made of an interview with the victim, (2) in permitting the rebuttal testimony of Police Officer Bruce Martin as to statements defendant made upon his arrest, without prior service of a notice of intent pursuant to CPL 710.30 and the failure to set forth the statement in response to defendant's discovery demand in violation of CPL 240.20, (3) in denying a justification charge, and (4) in denying defendant's request for a missing witness charge concerning Police Officer Mark Drollette's failure to testify before the jury on rebuttal. We disagree and, accordingly, affirm the judgment of conviction.

Defendant's contention that the People violated their *Rosario* obligations is without merit. At an in camera hearing before Supreme Court to determine the circumstances involving the loss of Barry's notes, Barry testified that he had returned to the police station after the interview and typed the notes verbatim into the computer, but upon looking for them prior to trial could not find the original in his locker or folders. Defendant was given a computer-generated copy at trial. Defendant's motion for a mistrial, or to preclude Barry from giving testimony or to instruct the jury that an adverse inference instruction be given concerning the lost notes, was properly denied. While the People were negligent in failing to preserve the notes, defendant was not prejudiced by the loss of the original notes *(see, People v Wallace,* 76 NY2d 953; *see also, People v Clark,* 194 AD2d 868, 869, *lv denied* 82 NY2d 752). Moreover, the People did not present evidence of the interview on their direct case; rather, the evidence was brought out on defendant's cross-examination of Barry. Sanctions were not warranted in these circumstances *(see, People v Wallace, supra; cf., People v Torres,* 190 AD2d 52).

Defendant's argument that Martin's rebuttal testimony was erroneously admitted into evidence is rejected. After defendant testified that he did not strike Burdo, the People indicated that they would present the testimony of Drollette and Martin that defendant admitted that he hit the victim. This testimony did not violate CPL 710.30. It was not offered on the People's direct case but on rebuttal for impeachment purposes. The People never intended to offer it at trial *(see, People v Degrijze,* 194 AD2d 801, 802, *lv denied* 82 NY2d 753; *People v Mitchell,* 155 AD2d 879, *lv denied* 76 NY2d 739). Further, the People were unaware of defendant's statement at the time of their discovery response and, although they were aware of it prior to the opening statements, they still did not intend to use the statements in their case-in-chief *(see, People v Lamour,* 189 AD2d 825, *lv denied* 81 NY2d 973).

Defendant's claim that the justification charge was improperly denied is without merit. Viewing the evidence in a light most favorable to defendant, as we must, there was no reasonable view of the evidence supporting such charge *(see, People v Padgett,* 60 NY2d 142, 145; *People v Watts,* 57 NY2d 299, 301; *People v Oliver,* 199 AD2d 619; *People v Culver,* 192 AD2d 10, 17, *lv denied* 82 NY2d 716). Both Mary La Porte, a witness, and defendant testified that defendant did not punch, hit or strike Burdo.

Finally, defendant's argument that Supreme Court erroneously denied defendant's request for a missing witness charge regarding the People's rebuttal testimony is not persuasive. The evidence produced at the in camera hearing demonstrated that Drollette's testimony would have been cumulative to that given by Martin *(see, People v Kitching,* 78 NY2d 532, 536; *People v Swinton,* 200 AD2d 892; *People v McCloe,* 200 AD2d 787).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.