THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER JENKINS, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [649 NYS2d 343] —Casey, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered May 22, 1995 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner commenced this habeas corpus proceeding to challenge the revocation of his parole after a final parole revocation hearing on charges of several violations of the conditions of his release. Supreme Court rejected petitioner's claims that he was entitled to immediate release because of flaws in the parole revocation process, resulting in this appeal by petitioner. We agree with Supreme Court that petitioner is not entitled to habeas corpus relief.

Three charges against petitioner were sustained after the final parole revocation hearing: that petitioner had committed a robbery, that he had associated with a known felon and that he had possessed a pistol. Petitioner contends that the evidence is legally insufficient to sustain the charges because of the absence of sufficient identification evidence (see, People ex rel. Johnson v New York State Bd. of Parole, 180 AD2d 914, 919-922). Review of the record, however, reveals that the victim of the robbery clearly and unequivocally identified petitioner as the person who pointed a gun at him and took $60 from his pocket. At best, the evidence created a question of credibility on the identification issue which was for the fact finder to resolve (see, People ex rel. Lee v New York State Dept. of Correction, 163 AD2d 883). Petitioner's remaining arguments are

based upon claims which, if meritorious, would entitle petitioner to relief other than immediate release from custody and, therefore, habeas corpus is an inappropriate remedy (*see, People ex rel. McGourty v Senkowski*, 213 AD2d 954, *lv denied* 85 NY2d 812).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.