■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DARIN HICKMAN, Appellant, v RAUL RUSSI et al., Respondents. [682 NYS2d 584] —Judgment, Supreme Court, Bronx County (John Byrne, J.), entered February 24, 1998, which dismissed the petition for a writ of habeas corpus, unanimously affirmed, without costs.

Even if the claims set forth in the instant petition possessed merit, which they do not (*see, Matter of Milburn v New York State Div. of Parole*, 173 AD2d 1016, 1017), petitioner would not be entitled to habeas corpus relief, i.e., immediate release from custody. The appropriate remedy for procedural errors such as those alleged in the petition entails no more than the direction of a new preliminary parole revocation hearing (*see, People ex rel. Taylor v Richardson*, 181 AD2d 1069, *appeal dismissed* 80 NY2d 923; *People ex rel. Jenkins v Senkowski*, 232 AD2d 774, 774-775). Accordingly, since the petition fails to state a claim for habeas corpus relief, we affirm its dismissal. We note that this is not a case in which it would be appropri-

ate to convert the habeas proceeding into one brought pursuant to CPLR article 78 since there is as yet no final administrative determination to review (*compare*, *People ex rel. Maiello v New York State Bd. of Parole*, 101 AD2d 569, *affd* 65 NY2d 145). Petitioner may raise claims respecting the conduct of the parole revocation proceedings at his yet to be held final revocation hearing and thereafter on administrative appeal. Only after completion of the administrative review process would article 78 review of resultant administrative determinations adverse to petitioner be appropriate. Concur—Ellerin, J. P., Wallach, Mazzarelli and Andrias, JJ.