THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HENRY, Appellant. [779 NYS2d 707]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 24, 2002. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and criminal possession of a controlled substance in the seventh degree (§ 220.03). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion for a mistrial based on two violations of the court's *Ventimiglia* ruling (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Holton*, 225 AD2d 1021 [1996], *lv denied* 88 NY2d 986 [1996]). With respect to the testimony concerning defendant's possession of mechanical scales, we note that defense counsel opened the door to that testimony, and thus it was properly received (*see People v Mateo,* 2 NY3d 383, 419 [2004], *cert denied* —US —, 124 S Ct 2929 [2004]; *see also People v Rojas*, 97 NY2d 32, 38-39 [2001]). Although defense counsel did not open the

door to the testimony concerning defendant's possession of a crack pipe containing cocaine residue, we conclude that the court's prompt and explicit curative instruction alleviated any prejudice to defendant arising from that testimony. Following those curative instructions, defendant "neither objected further, nor requested a mistrial. Under these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Brown*, 309 AD2d 1258 [2003], *lv denied* 1 NY3d 595 [2004]). Finally, viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.