■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE C. LOPEZ, Appellant. [781 NYS2d 377]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 1, 1995, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree (two counts) and burglary in the first degree.

In 1989, defendant entered the victim's home and, during a struggle, stabbed the entire 12-inch blade of a large kitchen knife into her chest. The victim pulled the knife out of her chest and inflicted a superficial stab wound to defendant's back, causing him to flee. Following a 1991 trial and conviction, defendant appealed to this Court. We reversed the conviction because the People failed to provide adequate notice of statements and lineup identification pursuant to CPL 710.30 (194 AD2d 62 [1993]). The Court of Appeals affirmed (84 NY2d 425 [1994]).

At the 1995 retrial, the People did not present any evidence of defendant's oral or written statements or lineup identification in their direct case. After the defense called a police detective to contradict the victim's testimony regarding her initial description of her assailant to that detective, County Court, upon the People's motion, ruled that defendant opened the door to the issue of the victim's ability to identify defendant. The court permitted the detective to testify that the victim indicated that she could identify her assailant if she saw him again, and permitted the victim to testify on rebuttal about the lineup identification. The jury convicted defendant of attempted murder in the second degree, assault in the first degree (two counts), and burglary in the first degree. Following sentencing, defendant appealed.

County Court properly permitted the rebuttal testimony because defendant opened the door regarding the victim's identification of her assailant. As testimony regarding the pretrial lineup identification was excluded based on inadequate CPL 710.30 notice, the People did not "intend to offer" this testimony at trial and did not present it on their direct case (CPL 710.30 [1]; *see People v Spinks*, 205 AD2d 842, 844 [1994], *lv denied* 84 NY2d 833 [1994]; *see also People v Lamour*, 189 AD2d 825, 826 [1993], *lv denied* 81 NY2d 973 [1993]). "The statute does not require such notice where the use is solely for rebuttal purposes" (*People v Robinson*, 205 AD2d 836, 838 [1994], *lv denied* 84 NY2d 831 [1994] [citations omitted]; *see People v Walton*, 214 AD2d 805, 808 [1995], *lv denied* 86 NY2d 785 [1995]). Whether the CPL 710.30 notice was adequate, or

given at all, is irrelevant if the information is being used only for rebuttal, and the prior appellate decisions in this case do not hold otherwise. Defense counsel's examination of the detective created the misimpression that the victim was unable to identify her assailant, thus opening the door to further evidence regarding the victim's ability to identify defendant as that person (*see People v Quinones*, 228 AD2d 796, 797 [1996] [although defense counsel inquired only as to first photo array, that opened door to questions regarding second array to clarify misimpression]; *People v Veale*, 169 AD2d 939, 940-941 [1991], *affd* 78 NY2d 1022 [1991]; *People v Giallombardo*, 128 AD2d 547, 548 [1987], *lv denied* 69 NY2d 1004 [1987]; *see also People v McCullough*, 278 AD2d 915, 917 [2000], *lv denied* 96 NY2d 803 [2001]). Because defense counsel opened the door to the victim's rebuttal testimony regarding identification, evidence concerning the previously excluded lineup was admissible.

The verdict was supported by legally sufficient evidence. Initially, the "moral certainty" standard referred to by defendant, which applies to the factfinder in circumstantial cases, is not the appropriate standard for appellate review (*see People v Marmulstein*, 6 AD3d 879, 880 n 1 [2004]). The standard for reviewing the legal sufficiency of evidence is whether the evidence, viewed in a light most favorable to the People, could lead rational factfinders to conclude that every element of the crime was proven beyond a reasonable doubt (*see People v Rossey*, 89 NY2d 970, 971 [1997]). In conducting this review, appellate courts do not distinguish between direct and circumstantial evidence (*see id.*; *People v Bush*, 266 AD2d 642, 643 [1999], *lv denied* 94 NY2d 917 [2000]). Defendant does not contend that the crimes were not committed, only that there was insufficient evidence to identify him as the perpetrator. Viewing the evidence in a light most favorable to the prosecution, the evidence merely created a question of credibility for the jury to resolve (*see People v Battease*, 3 AD3d 601, 602 [2004]; *People ex rel. Jenkins v Senkowski*, 232 AD2d 774, 774 [1996]). The evidence was sufficient to permit a rational juror to conclude beyond a reasonable doubt that defendant was the assailant here (*compare People v Perkins*, 5 AD3d 801 [2004]).

The verdict also was not against the weight of the evidence. In addition to the victim identifying defendant in court, defendant had a recent stab wound to his back, he told police that he received that wound when a woman stabbed him on the night of the crime, he specifically mentioned the newspaper article concerning this crime to his uncle, bloody clothes were found in his garbage can, his girlfriend testified that he put the clothes

in the garbage the night the crime occurred, and he changed his appearance soon afterwards. Although the victim was inaccurate in her description of some of defendant's physical characteristics when she talked to police at the hospital shortly after the attack, there was significant other corroborative evidence that defendant was in fact the perpetrator of this crime, distinguishing this case from others where there was no evidence save that of a shaky and contradictory witness (*see People v Calabria*, 3 NY3d 80, 83 [2004]; *People v Fratello*, 92 NY2d 565, 573 [1998], *cert denied* 526 US 1068 [1999]; *cf. People v Foster*, 64 NY2d 1144, 1147-1148 [1985], *cert denied* 474 US 857 [1985] [reversing conviction supported only by one "hopelessly contradictory" prosecution witness]). Weighing the relative probative force of the conflicting evidence here, we find no reason to disturb the jury's verdict.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.