■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SEAVY, Appellant. [791 NYS2d 249]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, Jr., J.), rendered February 2, 2004. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony, failure to keep right, and speeding.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of felony driving while intoxicated (Vehicle

and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), failure to keep right (§ 1120 [a]), and speeding (§ 1180 [d]). Defendant contends that County Court erred in admitting the result of an alco-sensor test in evidence. The prosecutor did not question the sheriff's deputy on direct examination about the alco-sensor test that was given to defendant. On cross-examination, defense counsel asked the deputy if he administered an alco-sensor test to defendant, and the deputy replied that he did. Defense counsel then established that defendant's wife wanted to know the result of that test, but the deputy would not show it to her. On redirect, the prosecutor asked the deputy if defendant passed or failed the test, and he answered that defendant failed the test. The prosecutor then asked what would indicate a failed test, and the deputy answered, a "point 10 percentile blood alcohol concentration or higher." During summation, defense counsel argued that the deputy did not show defendant or his wife the result of the alco-sensor test because defendant had actually passed it, while in her summation the prosecutor commented on the deputy's testimony that defendant actually failed the alco-sensor test. By failing to object to the above testimony or the prosecutor's comment during summation, defendant failed to preserve his present contention for our review (*see* CPL 470.05 [2]). In any event, defendant opened the door to that testimony and comment during summation (*see People v Lopez*, 9 AD3d 692, 693 [2004]; *People v Henry*, 9 AD3d 914 [2004], *lv denied* 3 NY3d 675 [2004]). "[O]therwise inadmissible evidence may become admissible where the adverse party has 'opened the door' to it by offering evidence, or making an argument based on the evidence, which might otherwise mislead the factfinder" (*People v Massie*, 2 NY3d 179, 180 [2004]). In questioning the deputy about the alco-sensor test, defense counsel was attempting to mislead the jury by creating the impression that defendant actually passed the test, and thus it was proper for the prosecutor to question the deputy about the result of that test (*see Massie*, 2 NY3d at 185; *People v Brown [Theodore]*, 11 AD3d 474, 475 [2004], *lv denied* 3 NY3d 755 [2004]; *Lopez*, 9 AD3d at 694).

Defendant next contends that the People's failure to disclose the *Huntley* hearing transcript in a timely manner was both a *Brady* and *Rosario* violation. Defendant has not preserved for our review either the alleged *Brady* violation (*see People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]; *People v Kelly*, 309 AD2d 1149, 1151 [2003], *lv denied* 1 NY3d 575 [2003]) or the alleged *Rosario* violation (*see People v Feerick*, 93 NY2d 433, 452 [1999]; *People v Powell*, 234 AD2d 905 [1996], *lv denied* 89 NY2d 1098 [1997]). In any event, defendant's conten-

tion is without merit. Defendant was present at that hearing, heard the testimony, and obtained a copy of that transcript, using it during the trial. The transcript was thus neither *Brady* material (*see People v Doshi*, 93 NY2d 499, 506 [1999]; *People v Ahmed*, 244 AD2d 415 [1997], *lv denied* 91 NY2d 888 [1998]) nor *Rosario* material (*see People v Zanotti*, 30 NY2d 926, 927 [1972]; *People v Bradley*, 119 AD2d 993 [1986]). Defendant also failed to preserve for our review his further contention that the court made a comment upon the evidence that was prejudicial to him (*see People v Charleston*, 56 NY2d 886, 887 [1982]; *People v Chase*, 265 AD2d 844, 845 [1999], *lv denied* 94 NY2d 902 [2000]). In any event, that contention is without merit. We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.