■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMILCAR RAMOS, Appellant. [813 NYS2d 285]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered December 12, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and as a matter of discretion in the interest of justice, that part of the motion seeking to suppress prearrest statements made by defendant while being transported in a police vehicle is granted and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of criminal possession of a weapon in the

third degree (Penal Law § 265.02 [1]). Defendant contends that he was denied his right to a fair trial because Supreme Court allowed the People to elicit testimony indicating that defendant was on parole at the time of his arrest and because the court failed to suppress prearrest statements that he made while being transported in a police vehicle. We agree.

Initially, the court ruled that the People could not elicit testimony concerning the fact that defendant was a parolee and that the arresting officer was also his parole officer. However, following the testimony of defendant's mother that contradicted the parole officer's testimony with respect to the events preceding defendant's arrest, the court ruled, sua sponte, that the testimony of defendant's mother opened the door to the introduction of testimony concerning defendant's status as a parolee. Thereafter, the prosecutor referred on at least 10 occasions to the status of defendant as a parolee and the fact that the arresting officer was his parole officer. We conclude that the testimony of defendant's mother in no way misled the jury with respect to the prior criminal history or current status of defendant, and thus the court erred in determining that her testimony "opened the door to [the highly prejudicial information that defendant was a parolee at the time of his arrest] by offering evidence . . . [that] might . . . mislead the factfinder" (*People v Seavy*, 16 AD3d 1130, 1131 [2005] [internal quotation marks omitted]; cf. *People v Gorham*, 17 AD3d 858, 860 [2005]).

We further conclude that the court erred in failing to suppress the prearrest statements of defendant made while he was being transported in a police vehicle. We note at the outset that, although defendant failed to preserve for our review his contention with respect to those statements (*see* CPL 470.05 [2]), we exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The record establishes that those statements were the result of questioning by the arresting officer while defendant was handcuffed and seated in the back of the police vehicle, and that defendant had not been advised of his *Miranda* rights. Indeed, the arresting officer testified at the suppression hearing that the statements were made as a result of his having confronted defendant with the fact that a gun had been found in a plastic bag in a bedroom identified by the arresting officer as defendant's bedroom. Moreover, the arresting officer admitted that defendant was handcuffed and seated in the back of the police vehicle when he made those statements. "[O]nce defendant was physically taken into custody and handcuffed, the potential for coercion was as great as that which inheres in custodial inter-

rogation by a police officer, and . . . administration of the *Miranda* warnings was required to dispel that potential coercion in order for defendant's statement to be admissible in a criminal trial" (*People v English*, 73 NY2d 20, 24 [1989]).

Based on the foregoing, we reverse the judgment, grant that part of defendant's motion seeking to suppress the prearrest statements made by defendant while he was being transported in a police vehicle and grant defendant a new trial. We note that we reject the further contentions of defendant that the court erred in denying his *Batson* objection and in denying his motion seeking recusal. In view of our determination, we do not review defendant's remaining contention with respect to the severity of the sentence. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.