■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. SERRANO, Appellant. (Appeal No. 1.) [829 NYS2d 313]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered June 29, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal mischief in the third degree, and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), petit larceny (§ 155.25), and criminal mischief in the third degree (§ 145.05 [2]). Defendant failed to preserve for our review his contentions concerning the alleged legal insufficiency of the evidence with respect to the conviction of burglary and criminal mischief (*see People v Gray,* 86 NY2d 10, 19 [1995]; *see also People v Chapman,* 30 AD3d 1000, 1000-1001 [2006], *lv denied* 7 NY3d 811 [2006]). Contrary to defendant's further contention, County Court properly refused to charge criminal trespass in the third degree (§ 140.10) as a lesser included offense of burglary in the third degree. There is no trespassory lesser included offense of burglary in the third degree relating to unlawful entry into a motor vehicle, and thus it cannot be said that "it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (*People v Glover,* 57 NY2d 61, 63 [1982]; *see* Penal Law § 140.00 [2]). The sentence is not unduly harsh or severe.

Defendant failed to preserve for our review the contention in his pro se supplemental brief that the prosecutor engaged in misconduct by withholding *Rosario* material (*see People v Seavy,* 16 AD3d 1130, 1131 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the

interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant in his pro se supplemental brief, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.