■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MEJIA, Appellant. [882 NYS2d 621]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered July 19, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the first degree,

robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, those parts of the motion seeking to suppress statements made by defendant to the police are granted and a new trial is granted on counts one through four and six and seven of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and robbery in the first degree (§ 160.15 [2]). Contrary to defendant's contention, County Court properly admitted the trial testimony of a witness concerning an admission by silence by defendant (*see People v Olewine*, 164 AD2d 971 [1990]; *see generally People v Lord*, 103 AD2d 1032, 1033 [1984], *lv denied* 63 NY2d 776 [1984]). We reject the further contention of defendant that the court erred in denying that part of his omnibus motion seeking to suppress his sneakers. "In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous" (*People v Stokes*, 212 AD2d 986, 987 [1995], *lv denied* 86 NY2d 741 [1995]). Here, the suppression court credited the testimony of the police officers that, when they arrived at defendant's house, defendant asked his mother for his sneakers, and his mother gave the sneakers to an officer. The record thus supports the court's determination that the police lawfully obtained the sneakers from defendant's mother in accordance with defendant's request.

We agree with defendant, however, that the court erred in denying those parts of his omnibus motion seeking to suppress his statements to the police. The court again credited the testimony of the police officers but, contrary to the court's determination, we conclude that their testimony establishes that defendant was in custody during the interrogation. The police officers, who had knowledge that a codefendant had implicated defendant in the murder, testified that they went to defendant's home and asked defendant to accompany them to the police station. Although defendant agreed, he was frisked and handcuffed, and the handcuffs were not removed until defendant was placed in a secure interview room. In addition, defendant was escorted when he needed to use the bathroom. The police began to question defendant about the shooting but did not administer *Miranda* warnings until after he had made incriminating state-

ments. We agree with defendant that a reasonable person, innocent of any crime, would have believed under those circumstances that he or she was in custody (*see People v Rhodes*, 49 AD3d 668, 669 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Ramos*, 27 AD3d 1073, 1074-1075 [2006], *lv dismissed* 6 NY3d 897 [2006]; *People v Evans*, 294 AD2d 918, 919 [2002], *lv dismissed* 98 NY2d 768 [2002]; *see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]).

In light of our determination, we do not review defendant's remaining contentions. Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.