■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIO LOPEZ, Appellant. [899 NYS2d 230]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 23, 2008, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 17¹/₂ years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The matters permitted were probative of defendant's credibility and were not unduly prejudicial. We have considered and rejected defendant's related claims concerning the prosecutor's cross-examination and summation, except that we find the questioning about defendant's familiarity with a particular drug dealer to be harmless error.

The court properly exercised its discretion in clarifying or directing the rephrasing of some of defense counsel's questions during cross-examination (*see e.g. People v Hinton*, 31 NY2d 71, 76 [1972], *cert denied* 410 US 911 [1973]). The court's interventions involved the form of questions and the necessary foundation for impeachment by way of prior inconsistent statements. Defendant was fully able to impeach the witnesses, and there was no impairment of his right of confrontation (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court properly declined to submit manslaughter in the second degree as a lesser included offense, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, that he acted with mere recklessness. Defendant's conduct in inflicting a very deep stab wound to the victim's vital organs could only be interpreted as evincing a deliberate design to cause the victim's death, or at least gravely injure him, and the crime was intentional or nothing (*see People v Butler*, 84 NY2d 627, 634 [1994]). While evidence presented on the defense case supported a theory that defendant was jus-

tified in stabbing the victim, that evidence did not undermine the inference that the stabbing, even if in self-defense, was at least intended to cause serious physical injury; under defendant's view of the evidence he would have been entitled to a complete acquittal, not a finding that he acted recklessly.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Saxe, Andrias and DeGrasse, JJ.