# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

231
KA 12-00793
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOSE MEJIA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 19, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of robbery in the first degree (§ 160.15 [2]). We reversed defendant's prior judgment of conviction on the ground that his statements to the police should have been suppressed (*People v Mejia*, 64 AD3d 1144, 1145-1146, *lv denied* 13 NY3d 861). On this appeal following the retrial, defendant contends that Supreme Court erred in admitting in evidence the codefendant's testimony from the first trial. We reject defendant's contention that the admission of the prior testimony violated his right of confrontation or CPL 670.10 (1) (*see People v Knowles*, 79 AD3d 16, 24, *lv denied* 16 NY3d 896). The codefendant refused to testify based on his belief that his plea agreement with the People did not require him to testify twice, and his refusal to testify constituted incapacity inasmuch as the court threatened to hold the codefendant in contempt, and indeed did hold him in contempt, for his refusal to testify (*see Knowles*, 79 AD3d at 24-25; *People v Barber*, 2 AD3d 1290, 1291, *lv denied* 2 NY3d 761). Contrary to defendant's further contention, the court did not abuse its discretion in not allowing the codefendant to be called to the stand and refuse to testify in front of the jury (*see generally People v Thomas*, 51 NY2d 466, 472; *People v Dixon*, 149 AD2d 613, 613, *lv denied* 76 NY2d 733),

and in not charging the jury that the witness refused to testify (*see generally People v Tatro*, 53 AD3d 781, 786-787, *lv denied* 11 NY3d 835; *People v Zanghi*, 256 AD2d 1120, 1121, *lv denied* 93 NY2d 881). We have considered defendant's remaining contention regarding the admission of the codefendant's prior testimony in evidence and conclude that it is without merit.

As we held in the prior appeal, the court "properly admitted the trial testimony of a witness concerning an admission by silence by defendant" (*Mejia*, 64 AD3d at 1145). Defendant's contention that a proper foundation was not laid for that testimony is not preserved for our review (*see* CPL 470.05 [2]), and is without merit in any event inasmuch as "[t]he record supports the conclusion that defendant heard another person's statement accusing him of the crime" (*People v Frias*, 250 AD2d 495, 496, *lv denied* 92 NY2d 982). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that he was denied a fair trial based on a comment made by the prosecutor during summation. That comment, however, was a fair response to defense counsel's summation (*see People v Ross*, 118 AD3d 1413, 1417, *lv denied* 24 NY3d 964; *People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954). In any event, that single remark was "isolated and not so . . . egregious as to warrant a reversal" (*People v Walker*, 259 AD2d 1026, 1027, *lv denied* 93 NY2d 1029). The sentence is not unduly harsh or severe.

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court