■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITHER RICKERSON, Appellant. [22 NYS3d 855]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered December 20, 2010, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 14 years; and order, same court and Justice, entered on or about January 23, 2015, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's CPL 440.10 motion, based on his claim that his counsel rendered ineffective assistance by failing to request submission of the lesser included offense of second-degree manslaughter. Even assuming that trial counsel's failure to request the submission was inadvertent, defendant has not shown that such failure was objectively unreasonable, that he was entitled to such submission, or that there is a reasonable possibility that such submission would have affected the outcome of the case (see People v Benevento, 91 NY2d 708 [1998]; Strickland v Washington, 466 US 668 [1984]). There is no reasonable view of the evidence, viewed in the light most favorable to defendant, that defendant acted with mere recklessness (see People v Rivera, 23 NY3d 112, 123-124 [2014]; People v Lopez, 72 AD3d 593 [1st Dept 2010], lv denied 15 NY3d 807 [2010]). The fatal wound could only have been inflicted by deliberately thrusting a knife deep into the victim's heart, and there was no reason to believe defendant's mental state was anything less than an intent to cause serious physical injury.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.