People v Rodriguez (2021 NY Slip Op 06101)





People v Rodriguez


2021 NY Slip Op 06101


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Ind. No. 4059/13 Appeal No. 14567 Case No. 2018-5684 

[*1]The People of the State of New York, Respondent,
v
Sergio Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J. at suppression hearing; Thomas Farber, J. at jury trial and sentencing), rendered January 9, 2017, convicting defendant of manslaughter in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
The verdict rejecting defendant's justification defense was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant claims that he stabbed the victim in order to avoid being strangled. However, the evidence supports a finding that, during an altercation, the victim grabbed defendant by the throat, with only one hand, for the purpose of pushing him backward, and causing defendant no visible injury or obstruction of breathing, whereupon defendant immediately stabbed the victim in the chest. This evidence disproved defendant's claim that he had a reasonable fear of being strangled, and that deadly physical force was necessary to defend himself (see generally People v Goetz, 68 NY2d 96, 115 [1986]). Moreover, defendant's flight from the scene and his apparent disposal of the weapon showed his consciousness of guilt (see People v Cintron, 95 NY2d 329, 332 [2000]).
Defendant has not established that his counsel provided ineffective assistance by failing to request submission of second-degree (reckless) manslaughter as a lesser included offense. Defendant has not shown that it was objectively unreasonable for counsel to omit that request, that defendant was entitled to submission of second-degree manslaughter, or that there is a reasonable possibility that this submission would have affected the outcome of the case (see People v Benevento, 91 NY2d 708 [1998]; Strickland v Washington, 466 US 668 [1984]). There was no reasonable view of the evidence supporting submission of reckless manslaughter (see People v Rivera, 23 NY3d 112, 124 [2014]; People v Lopez, 72 AD3d 593 [1st Dept 2010], lv denied 15 NY3d 807 [2010]). Defendant's defense was that he stabbed the victim intentionally, but with justification, rather than acting recklessly.
The hearing court correctly declined to suppress identification testimony by the principal eyewitness. In any event, any error was harmless because the element of identity was undisputed at trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021