People v Rodriguez (2022 NY Slip Op 05504)

People v Rodriguez

2022 NY Slip Op 05504

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Ind. No. 1602/16 Appeal No. 16327 Case No. 2018-5481 

[*1]The People of the State of New York, Respondent,
v
Gustavo Rodriguez, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered May 30, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 16 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
The verdict, rejecting defendant's justification defense, was not against the weight of the evidence (see People v Danielson, 9 NY2d 342, 348-349 [2007]). There is no reason to disturb the jury's determinations concerning credibility. The jury could reasonably have discredited defendant's testimony, and found instead that the victim did not possess a knife or otherwise use or threaten the use of deadly force.
The court correctly denied defendant's request to charge second-degree manslaughter as a lesser included offense of second-degree murder. There is no reasonable view of the evidence, viewed in the light most favorable to defendant, that he acted with mere recklessness (see People v Rivera, 23 NY3d 112, 123-124 [2014]; People v Rickerson, 135 AD3d 571 [1st Dept 2016], lv denied 27 AD3d 1074 [2016]; People v Lopez, 72 AD3d 593 [1st Dept 2010], lv denied 15 NY3d 807 [2010]). The stab wounds could only have been inflicted by deliberately thrusting a knife deep into the victim's chest, and there was no basis, in defendant's testimony or any other evidence, to conclude that defendant's acts were not intentional.
Defendant did not preserve his claim about an alleged violation or improper modification of the court's Sandoval ruling, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. In the court's ruling, the scope of questioning was made contingent on the content of defendant's testimony, and the prosecutor's followup questions at issue on appeal were invited by that testimony.
We perceive no basis for reducing the sentence.
Based on our interest of justice powers and the People's consent, we vacate the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022